I have a sort of a preliminary question. Could you explain to me why your petition that you included in your excerpt of record is not the same petition you actually filed with the tax court? I didn't file that petition with the tax court, Your Honor. My client, Collette, filed it with the tax court. It was not the same as the petition that was filed by whomever with the tax court? I have no explanation for that. When I was putting together the excerpts, I thought that that was the petition that was filed with the tax court. It turns out it was not. All right. Well, does the record reveal why you amended your opinion? Your petition, excuse me. Excuse me, Your Honor? Does the record reveal why you amended your petition? No, it does not. This was not raised in the hearing before the tax court judge. Did you present any evidence to the tax court that would undermine its finding that you admitted in your original petition that Gage Avenue was the clinic's last known address? If I can answer it this way, Your Honor, I don't think that was an admission. I mean, that was our clear position that that was not an admission. It was the last known address. Last known address under Mueller versus the Commissioner is a term of art and refers to that address when, in light of all the relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer. Why isn't it an admission? It sure sounds like an admission. Well, last known address. Isn't an admission a statement made by a party, et cetera, et cetera? Mr. Vermette is a layperson. It may not be a slam dunk, but it sure sounds like an admission. It was the last address of the business because the business ceased doing business in July of 1998. It didn't move. It didn't go anyplace else. It ceased to do business. There's no dispute that that was the last address of the business. For Mr. Vermette to use the term last known address to mean the identical interpretation that a statute would give, I think, is an unfair characterization. That's all I can really say. Then I'll give you time to give your argument. Don't you once again concede that Gage Avenue was the clinic's last known address in your reply brief? When you write, there is no dispute that the Gage Avenue address was the last address of CSM on page 1. And that is correct, Your Honor. But I think, as this Court has stated, the totality of the facts and circumstances have to be taken into consideration at the time the notice, the deficiency notice, is sent out. In a case where the tax return shows this is the address and there's not a new document filed by this entity saying I've got a new address, which is the best case that says exactly that? That's right, Your Honor. Which is the best case you have of ours that says where a company files or a person files a tax return with address X and the company never files anything changing that, still the government might foul up if it sends something to that address. What's your best case for that proposition? I'll answer it this way, Your Honor. First of all, there's nothing in the record that indicates that that was the address used on a tax return. That was the last address of the business as of July of 1998. But there's nothing in the record that indicates that that address was used on a tax return. As a matter of fact, the clinic had several locations. That was one of them. Well, where I am mystified is where should it have been sent? Well, I'm not saying that it should not have been sent there, Your Honor. I'm saying that a duplicate, at least a duplicate notice, should have been sent to Mr. Ahmed because they were claiming since 1999 that he was the alter ego and the nominee of Clinica Santa Maria. And the IRS was in litigation with Mr. Ahmed, with Clinica Santa Maria and his attorneys at that time. What's the best case you have that these notices must be sent to alter egos also? Must be sent? To alter egos. Alter egos? Yes. The only case that there's different cases that you may have. Just tell me the best one that would tell me that if I'm a company and I put it on my return or wherever it is and tell the IRS, this is my this is my this is my address. And it turns out there's an alter ego and the government knows there's some guy who might be an alter ego somewhere. What's the best case that that alter ego must be given notice? There's no case that says that in that situation, the alter ego must be given notice. Every case, including the court's case in King, talks about the totality of the circumstances. What went wrong here? What did the government do wrong? What the government did wrong was in their own manual quoted in Johnson versus the commissioner, it said if there's any any doubt as to whether the address is the taxpayer's last known address, then duplicate notices should be given in a case which I cannot find an identical case where the government at the same time is claiming that Mr. Ahmed is the alter ego and the nominee of Clinica Santa Maria. How would that create a doubt that that was the last known address? Well, it doesn't create a doubt. Well, I think I thought you said the rule was if there's any doubt that we send it to the company's last known address, then we must do something else. Where's the doubt that that was the company's last known address? When the IRS because there's an alter ego somewhere. The IRS is specifically involved in auditing this business and Mr. Ahmed and sending notices to him, for example, under his own tax liability for 1996, including the income from Clinica Santa Maria. I think they have a doubt. And they must they must have known. I can't state for sure by pointing to the record that the Clinica Santa Maria wasn't even at that address anymore. But it just seems to me that they should have sent another notice, not the notice. You mean to be nice? Not to be nice. It would have been nice if they did. I'm sure that the nominee or the alter ego is getting a copy of the notice. Well, it might have been nice if they had done it. But you cited the King case. As I read the King case, there's a bright line rule that notice of deficiency sent to the address on a taxpayer's most recent return, and you blessing me, I realize, will be sufficient unless the taxpayer subsequently communicates clear and concise notice of a change of address. Is there any evidence in the record that your client ever affirmatively informed the IRS that it had changed addresses? No, there's not. But like I said before, the King case says the inquiry requires an examination of the totality of the circumstances and the balancing of relevant facts. And I think there's more in this case than just that. And I can't find a case that's, I think this case is stronger than any other case that I can find, that they knew that Mr. Ahmed, and they were alleging that Mr. Ahmed was the alter ego and the nominee of Clinica Santa Maria. They were in litigation with him. They knew his address. They knew his attorney's address. In the jeopardy assessment, they were claiming he was the alter ego. Wasn't the form, wasn't the taxpayer Clinica Santa Maria? The taxpayer was Clinica. Wasn't your position at all times in this controversy that the taxpayer was Clinica Santa Maria? That there was no alter ego? You know, I just. Actually, as the tax case progressed, there was a stipulation that he was. But that's not in the record. Well. Yeah, that's not in the record. So I can't say that, Your Honor, a question that can be answered, yes. But what I am trying to say is that I think that because the Clinica Santa Maria was out of business in July of 1998 and they sent the notice in September of 2000, I think there's a reasonable inference that it came back. It wasn't delivered. We tried to get that information under the Freedom of Information Act. We were never able to get it. I think in the cool fuel case, if it did come back, the court said that it would put the IRS on notice that cool fuel had moved. So that issue is up in the air. Okay. You have used your time. Thank you. Good morning, Your Honor. Bethany Hazlitt with the Commission of Internal Revenue. This is a case about whether the commissioner properly sent the notice of deficiency to the taxpayer at the taxpayer's last known address. And because the tax court found that the commissioner properly did so, it had no choice but to dismiss this case for lack of jurisdiction. And its order of dismissing the case for lack of jurisdiction should be affirmed. Now, the tax court rested its finding that the commissioner sent the notice to the taxpayer at its last known address on two pieces of evidence. The fact that it was mailed was based on the Form 3877, which has been, this and many other courts have held,  That form says that it was mailed to the Gage Avenue address. The fact that the Gage Avenue address was the last known address, the tax court relied upon taxpayers' admission in its petition to make that finding. The taxpayer has raised certain objections to the tax court's finding. It argues that it never received the notice of deficiency. But it's not required under the law that the taxpayer receive the notice of deficiency. All that's required is that the commissioner send it to the last known address. The taxpayer also argued that the notice must have been returned, but there's no evidence that it was returned. And even if it was returned, under this court's decision in King, the commissioner would not be under an obligation to find some other address and send it again, provided the original address was the true last known address. Okay. Are there no questions? There don't appear to be any. Then we'll rest on its brief. Thank you. The case just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned. Thank you.
judges: Schroeder, Dw Nelson, Fernandez